IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEMON VICTORELL SLATER,                )
#177 985,                               )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )    CIVIL ACTION NO. 2:16-CV-286-WHA
                                        )                  [WO]
MS. BOBEN, *et al.*,                    )
                                        )
    Defendants.                         )

## **RECOMMENDATION OF THE MAIGSTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending on a complaint filed by Demon Victorell Slater ("Slater"), a former state inmate, alleging a violation of his constitutional rights regarding his classification level which he claims was adversely affected because of false information in his prison file. The court entered an order of procedure on May 10, 2016, which instructed Slater to immediately inform the court and defendants of any new address. Doc. 4 at ¶6(h). The order also informed Slater that failure to comply with this requirement would result in a recommendation this case be dismissed. *Id*. The record demonstrates that Slater received a copy of this order.

Orders entered by the court in *Slater v. Askew*, Civil Action No. 2:16-CV-672-MHT-GMB, and mailed to Slater by the Clerk, were returned to the court because Slater was not at the last address he provided for service. In light of the foregoing, and as Slater had not provided the court with a correct address as directed by the order of procedure, the court entered an order requiring that by January 31, 2017, Slater "show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." Doc. No. 34. This order specifically advised Slater that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in

the dismissal of this case.  *Id*.  The court has received no response from Slater to the aforementioned order nor has he provided the court with his current address as required by the order of procedure.

The foregoing makes clear Slater has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case.  This action cannot proceed properly in Slater's absence.  The court, therefore, concludes this case is due to be dismissed.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that **on or before February 23, 2017**, the parties may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 8th day of February 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE